Mark L. Eisenhut, Bar No. 185039
  meisenhut@calljensen.com
Julie R. Trotter, Bar No. 209675
  jtrotter@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant 7-Eleven, Inc., a wholly-owned subsidiary of Seven-Eleven Japan Co., Ltd., a wholly-owned subsidiary of Seven and I Holdings Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DILIP PATEL, SAROJ PATEL and SAROJ PATEL, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>7-ELEVEN, INC., a wholly-owned subsidiary of SEVEN-ELEVEN JAPAN CO., LTD., a wholly-owned subsidiary of SEVEN AND I HOLDINGS CO., LTD.,<br><br>Defendant. | Case No.  5:14-cv-00519 PSG (DTBx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       November 17, 2014<br>Time:      1:30 p.m.<br>Place:     Courtroom 880<br><br>Complaint Filed:   March 18, 2014<br>Trial Date:           None Set |

**TO PLAINTIFFS DILIP PATEL, SAROJ PATEL, SAROJ PATEL, INC., AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on November 17, 2014, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 880 of the above-entitled Court, located at 225 East Temple Street, Los Angeles, California 90012, before the Honorable Philip S. Gutierrez, Defendant 7-Eleven, Inc. will, and hereby does, move the Court for an order dismissing with prejudice claim two in the second amended complaint of Plaintiffs Dilip Patel, Saroj Patel, and Saroj Patel, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

This motion will be based on this notice of motion, the memorandum filed herewith, the pleadings and papers on file herein, including the complaint, facts that may be reviewed by taking judicial notice, and such further arguments and papers as may be presented to the Court before or during the hearing.

**CONFERENCE OF COUNSEL PRIOR TO FILING OF MOTION:** This motion is filed only after a good faith meet-and-confer effort by Defendant to avoid the need for the motion. Pursuant to L.R. 7-3, counsel for Defendant's counsel has exchanged email correspondence with Plaintiffs' counsel and communicated the substance of this motion on September 9, 2014. The parties were unable to reach an agreement.

Dated: September 15, 2014

CALL & JENSEN
A Professional Corporation
Mark L. Eisenhut
Julie R. Trotter

By: */s/ Mark L. Eisenhut*
        Mark L. Eisenhut

Attorneys for Defendant 7-Eleven, Inc., a wholly-owned subsidiary of Seven-Eleven Japan Co., Ltd., a wholly-owned subsidiary of Seven and I Holdings Co., Ltd.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Dilip Patel, Saroj Patel, and Saroj Patel, Inc. ("Plaintiffs") have now filed four versions of their complaint, each of which has had material deficiencies. The most recent version, captioned Second Amended Complaint ("SAC"), comes after this Court granted Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") with leave to amend as to two counts: Count Two, Unfair Competition; and Count Four, Fraudulent Inducement. Count Two failed because, as this Court ruled, there is no "causal connection between" the alleged conduct and the alleged harm. In their SAC, Plaintiffs dropped Count Four, but did "amend" Count Two. Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order"), p. 6. Plaintiffs' amendment merely added one immaterial sentence to Count Two that left it otherwise verbatim as previously alleged. However, it did nothing to establish a causal connection between the purported conduct and harm. Thus, Count Two of the SAC, which alleges violations of the UCL, fails to state a claim for the very reasons this Court dismissed Count Two of the FAC. Plaintiffs have not suffered economic harm based on 7-Eleven's alleged wrongful act, and have no standing to pursue Count Two. Count Two should be dismissed without leave to amend.

## II. PROCEDURAL BACKGROUND

On March 18, 2014, Plaintiffs filed their original Complaint. Then, in response to deficiencies noted *sua sponte* by the Court, on April 24, 2014 Plaintiffs attempted to file a First Amended Complaint, which was rejected. On May 27, 2014, Defendant filed a Motion to Dismiss the Complaint. On June 3, 2014, Plaintiffs chose to amend the defective Complaint rather than oppose the Motion to Dismiss. Plaintiffs titled the amended complaint "First Amended Complaint," even though their previous rejected filing was also titled "First Amended Complaint."

In Count Two of the FAC, Plaintiffs alleged that "7-Eleven's conduct" on December 5, 2013, "such as its interrogation and imprisonment of Plaintiffs, amongst other things, constitutes an unlawful and unfair business act or practice." FAC ¶ 134. Plaintiffs alleged that as a result of such conduct, they suffered harm in the form of "termination of their Store Franchise Agreement." FAC ¶ 135.

On June 20, 2014, Defendant filed a Motion to Dismiss the First Amended Complaint. As to Count Two, Defendant pointed out that 7-Eleven's decision to terminate the Store Franchise Agreement occurred prior to December 5, 2013, and thus the franchise termination could not have been causally connected to events that occurred on December 5, 2013.

On August 4, 2014, this Court granted Defendant's Motion to Dismiss, with leave to amend, as to the counts for Unfair Competition and Fraudulent Inducement. As to Count Two, Unfair Competition, the Court stated and ruled as follows:

> In their briefs, the parties spar over whether Plaintiffs have standing to bring a § 17200 claim. To have standing under § 17200, a plaintiff must have suffered an economic injury due to the defendant's unlawful or unfair practices. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011). Plaintiffs claim that they meet this standard because Defendant forced Dilip Patel to sign a settlement agreement under duress, and Plaintiffs lost their franchise. *See Opp.* 5:3-7:26. Defendant contends that there is no causal connection between the settlement agreement and the termination of Plaintiffs' franchise. *See Reply* 3:7-3:27.
>
> Defendants have the better argument. The Complaint indicates that Defendant's asset protection agents told the Patels that Defendant was terminating their franchise *before* Dilip Patel signed the settlement agreement. *See FAC* ¶¶ 55-56, 97. Moreover, the Notice, which is seven pages long and signed by a 7-Eleven employee who was not present in the meeting with the Patels, appears to be have been drafted before the meeting. *See id.*, Ex. H. As a result, without additional facts, the Court cannot plausibly infer that there is a causal connection between Dilip Patel's signature of the settlement agreement (or anything else that took place during the December 5, 2013 meeting) and Defendant's termination of Plaintiffs' franchise.
>
> For the reasons above, Plaintiffs' second cause of action is DISMISSED, with leave to Amend.

On August 29, 2014, Plaintiffs filed their Second Amended Complaint. Plaintiffs chose not to amend their fraudulent inducement count, and thus that claim is now dismissed based on the Court's prior Order. Plaintiffs did amend Count Two, but all they did was add the allegation that "False Imprisonment is a criminal violation under the laws of the State of California." SAC ¶135. Because this amendment fails to fix their causation problem, it does not change the fact that Plaintiffs have no standing to pursue Count Two.

### III. PLAINTIFFS LACK STANDING TO BRING AN UNFAIR COMPETITION LAW CLAIM

For the same reasons it failed in the FAC, Count Two of the SAC still fails to plead facts required for standing under California's Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2009). To establish standing under the UCL, Plaintiffs must plead, and prove, they "suffered injury in fact and ha[ve] lost money or property as a result of" the act of unfair competition. Cal. Bus. & Prof. Code § 17204. In other words, Plaintiffs must plead both an economic injury and a causal connection between that injury and the alleged unlawful conduct. *Kwikset*, 51 Cal. 4th at 326.

In their prior FAC, Plaintiffs alleged, "7-Eleven's conduct herein, such as its interrogation and imprisonment of Plaintiffs, amongst other things, constitutes an unlawful and unfair business act or practice." FAC ¶ 134. That allegation remains verbatim in the SAC, in the same place, at paragraph 134 of the SAC. This was not enough to establish standing in the FAC, and certainly cannot be enough now. The only change Plaintiffs made to Count Two is they added the following allegation at paragraph 135: "False Imprisonment is a criminal violation under the laws of the State of California." SAC ¶135. Regardless of whether the purported false imprisonment is stated as a civil wrong, as was alleged in the FAC, or as a crime, as it is now alleges in the SAC, the conduct at issue remains the same. It is conduct, which allegedly occurred

on December 5, 2013, after the decision to terminate Plaintiff's franchise had already been made.

There still can be no causal connection between conduct which occurred on December 5, 2013, and harm that occurred prior to that date (*i.e.* 7-Eleven's decision to terminate the franchise). Thus, the new paragraph indicating false imprisonment is "criminal" does not provide any additional information for the Court to "plausibly infer that there is a causal connection between . . . anything . . . that took place during the December 5, 2013 meeting and Defendant's termination of Plaintiffs' franchise." Order at 6.

## IV. CONCLUSION

For the foregoing reasons, 7-Eleven respectfully requests the Court grant its Motion and dismiss Count Two of the SAC with prejudice.

Dated: September 15, 2014

CALL & JENSEN
A Professional Corporation
Mark L. Eisenhut
Julie R. Trotter

By: */s/ Mark L. Eisenhut*
      Mark L. Eisenhut

Attorneys for Defendant 7-Eleven, Inc., a wholly-owned subsidiary of Seven-Eleven Japan Co., Ltd., a wholly-owned subsidiary of Seven and I Holdings Co., Ltd.